IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION <br> Plaintiff, <br><br> v. <br><br> MICHOACAN SEAFOOD GROUP.L.L.C d/b/a OSTIONERIA MICHOACAN #8 RESTAURANT, INC <br> Defendant. | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

# ORIGINAL COMPLAINT

1.  This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* and Title I of the Civil Rights Act of 1991, as amended, 42 U.S.C. §1981 *et seq.* to correct unlawful employment practices on the basis of race and national origin, and to provide appropriate relief to Gerald Jones ("Charging Party") and Trang Nguyen and a class of non-Hispanic individuals who were adversely affected by such practices. As alleged herein, the Defendant, Michoacan Seafood Group L.L.C. d/b/a Ostioneria Michoacan #8 ("Defendant" or "Ostioneria") unlawfully refused to permanently hire Gerald Jones and Trang Nguyen (collectively called "Claimants") as servers in its restaurant because of their race and national origin, African-American and Vietnamese respectively, in violation of Title VII of the Civil Rights Act of 1964. Additionally, a class of non-Hispanic applicants were unlawfully terminated and/or denied employment with Ostioneria because of their race and national origin in violation of Title VII. As more fully described herein, the Commission alleges that Ostioneria unlawfully discriminated against Claimants and the class by using the inability to speak Spanish as a pretext to maintain a primarily Hispanic staff.

## JURISDICTION AND VENUE

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

3.   Venue is proper in this Court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.   Plaintiff, Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1)and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5.   Defendant Michoacan Seafood Group L.L.C. d/b/a Ostioneria Michoacan #8 has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than 15 employees.  Ostioneria may be served with process by serving its registered agent in Texas, Raquel Morales, 11811 North Freeway, Suite 105, Houston, Texas 77060.

6.   At all relevant times, Defendant Ostioneria has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Ostioneria. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2007, Ostioneria has engaged in unlawful employment practices in Houston, Texas, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).

9. In November 2007, Claimants each separately sought employment with Ostioneria as servers. Although provisionally hired, their employment offers were rescinded and they were terminated when Ostioneria's management discovered during orientation that neither of them had fluency in speaking Spanish. Members of the class were similarly treated or were not hired by Ostioneria because of the Spanish fluency requirement. Ostioneria required that all of its employees have the ability to speak Spanish as a prerequisite of employment.

10. Despite evidence to the contrary regarding its Spanish fluency requirement, Ostioneria claims that "at no time was any issue of not being able to speak any other language a consideration or factor with any of the new employees."

11. The effect of the practices complained of herein has been to deprive Claimants and the class of equal employment opportunities and otherwise adversely affect their status as applicants and/or employees because of their race or national origin.

12. The conduct described in the paragraphs above was intentional and was committed with malice or with willful disregard for the federally protected civil rights of Gerald Jones, Trang Nguyen and the class.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

13. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in an employment practice which discriminates on the basis of race and national origin;

14. Order Defendant to institute and carry out policies, practices and procedures which provide equal employment opportunities for African-Americans, Vietnamese and other non-Hispanic applicants and employees and which eradicates the effects of its unlawful employment practices;

15. Order Defendant to make Gerald Jones, Trang Nguyen and the class whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices they were each subjected to;

16. Order Defendant to make Mr. Jones, Ms. Nguyen and the class whole by providing compensation for past and future pecuniary losses resulting form the unlawful employment practices described herein, in amounts to be determined at trial;

17. Order instatement of Mr. Jones, Ms. Nguyen and the class into the same or a comparable position, or award each of them front pay in the amounts to be proved at trial, if instatement is impractical;

18. Award compensatory damages to Mr. Jones, Ms. Nguyen and the class in amounts to be proved at trial;

19. Award punitive damages to Mr. Jones, Ms. Nguyen and the class in amounts to be proved at trial;

20. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

21. Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

22. Award the Commission its costs in this action; and

23. Grant such other and further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

24. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507


By: /s/*Kathy D. Boutchee*
   Kathy D. Boutchee
   Attorney-in-Charge
   TBN: 02717500
   SDN: 10145
   EEOC
   Houston District Office
   1919 Smith Street, 7th Floor
   Houston, Texas 77002
   (713) 209-3399
   Fax: (713) 209-3402
   Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF


OF COUNSEL
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402